# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR GOLDBERG,<br><br>     Appellant,<br><br>     v.<br><br>KAREN E. BENZER, ESQ.,<br><br>     Appellee. | Civil Action No. 24-10001 (MAS)<br><br>**MEMORANDUM ORDER** |

  This matter comes before the Court upon Appellant Victor Goldberg's ("Appellant") Motion for Reconsideration (ECF No. 7) of the Court's April 7, 2025 Memorandum Order (ECF No. 6). This motion is unopposed.

  In support of his Motion for Reconsideration, Appellant represents that the $20,000 he received in December was a "one-time payment from friends in the past" and he "had to pay those people back due to the very rulings which are currently appealed to this Court." (Appellant's Moving Br. 2, ECF No. 7.)

  In the District of New Jersey, Local Civil Rule 7.1 governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or fact to prevent manifest injustice. *Id.* It is not an opportunity to raise new matters or arguments that could have been raised before the original

decision was made. *See Bowers*, 130 F. Supp. 2d at 612-13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507.

Appellant represents in his moving brief that the $20,000 he received[1] could not be put towards the filing fee, but rather he had to "pay those people back." (Appellant's Moving Br. 2.) Considering Appellant's representations that he could not use the $20,000 to pay the filing fee, the Court grants Appellant's Motion for Reconsideration to prevent a manifest injustice and grants Appellant IFP status.

Appellant also represents to the Court that "[he] can comply with the remainder of the Court's order regarding its briefing schedule." (*Id.* at 2.) The Court has since administratively terminated that schedule, and having granted Appellant's IFP Application, institutes the following schedule. First, Appellant has failed to file a Designation of Record on Appeal pursuant to Federal Rule of Bankruptcy Procedure 8009. The Bankrutpcy Court filed two Certifications of Failure to File Designation of Record. (ECF Nos. 4, 11.) Appellant shall have until May 6, 2025 to file the Designation of Record on Appeal, and May 13, 2025 to file a moving brief. The Court cautions Appellant that if he does not comply with both of these deadlines, this matter will be subject to dismissal for failure to timely prosecute the appeal. If Appellant satisfies both of the above deadlines, Appellee's opposition brief shall be due on May 20, 2025. Accordingly,

IT IS, on this 30th day of April 2025, **ORDERED** as follows:

1. Appellant's Motion for Reconsideration (ECF No. 7) is **GRANTED**.

---

[1] Appellant represents that the $20,000 came from "friends who are overseas" (Appellant's Moving Br. 2), while the Trustee in her original motion stated that the $20,000 was a check from the Trustee (ECF Nos. 3, 5). The Court acknowledges this factual dispute but finds that it is not dispositive given Appellant's representation that he could not use any money he received except to pay back others. (Appellant's Moving Br. 2.) The Trustee also does not address this factual dispute in her opposition brief. (*See generally* Trustee's Opp'n Br.)

2. Appellant shall file the Designation of Record on Appeal no later than **May 6, 2025**.

3. Appellant shall file a moving brief no later than **May 13, 2025**.

4. Appellee shall file an opposition brief no later than **May 20, 2025**.

5. If Appellant does not abide by the deadlines set forth in this Order, Appellant is hereby on notice that this matter will be subject to dismissal for failure to timely prosecute the appeal.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE