UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR GOLDBERG,<br><br>　　　　　　　Appellant,<br><br>　　v.<br><br>KAREN E. BEZNER, ESQ.,<br><br>　　　　　　　Appellee. | Civil Action No. 24-10001 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Appellant Victor Goldberg's ("Appellant") Motion for an Extension of Time ("Motion"), filed on May 13, 2025. (ECF No. 18.)[1]

Appellant requests an order under Federal Rule of Bankruptcy Procedure 9006(b)[2] and Local Civil Rule 6.1 granting a brief extension of time to file his opening brief or, in the alternative, if Appellant files a timely brief, leave to amend his brief.[3] (Appellant's Br. *1,[4] ECF No. 18.) Appellant requests a one-week extension, until May 20, 2025, and explains in support of his Motion that he did not receive the Court's April 30, 2025 Memorandum Order ("April Order") until May 9, 2025. (*Id.* at *2, *7.) Appellant also states that he "already filed the Designation of Record before May 6, demonstrating his good faith in these proceedings." (*Id.* at *2.)

---

[1] While Appellant notes that this case is "two appeals from an order of the United States Bankruptcy Court for the District of New Jersey, which are related matters" (*see* Appellant's Br. 1), Appellant has only mentioned case no. 24-10001 in this filing, and as far as the Court is aware, has only filed this Motion in this case. The Court, therefore, only considers this filing for purposes of the instant case.

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Bankruptcy Procedure.

[3] Appellant did file a timely brief on May 13, 2025. (*See* ECF No. 17.)

[4] Page numbers preceded by an asterisk refer to the page number provided in the ECF header.

Under Rule 9006(b)(1)(A), a "court may—at any time and for cause—entend the time to act if . . . with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires." If, on the other hand, the "motion [is] made after the specified period expires, the failure to act within that period [must have] resulted from excusable neglect." Fed. R. Bankr. P. 9006(b)(1)(B). Similarly, under Local Civil Rule 6.1(b), any "proposed extension of time must be presented to the Court for consideration" if the expiration of the original deadline to answer or reply has already passed.

Here, Appellant filed his moving brief for his bankruptcy appeal on May 13, 2025. (*See* Appellant's Br.) Although Appellant does not address it in the instant Motion, the Court has already extended the deadlines at issue once out of an abundance of caution because it was not clear from the docket that the Clerk's Office mailed a copy of the April Order to Appellant. (ECF No. 13.) As such, Appellant's current deadlines include filing a Designation of Record on Appeal no later than May 13, 2025 and a moving brief no later than May 20, 2025. (*Id.*) The Court, therefore, finds that Appellant's motion was made before the previously extended period expired, even though it was made on the date of expiration, and applies Rule 9006(b)(1)(A), which requires "good cause" for the extension.

Appellant does not have access to electronic court filings, and did not receive the April Order until over a week after it was filed, on May 9, 2025. (Appellant's Br. *2.) Given the delay in the mailing of the Court's April Order and Appellant's pro se status, the Court finds good cause to give Appellant one last extension to properly file his Designation of Record on Appeal and moving brief. *See Davis v. City of Newark*, No. 09-1032, 2010 WL 3636243, at *2 (D.N.J. Sept. 10, 2010) (applying a more liberal standard of review for a pro se litigant) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court cautions Appellant, however, that he has *not* in fact filed a

Designation of Record on Appeal as required under Rule 8009, despite his representation to the Court that he has done so. (*See* Appellant's Br. *2.) Instead, the docket includes two Certifications of *Failure* to File Designation of Record by the bankruptcy court. (ECF Nos. 4, 11.) Appellant, therefore, shall file his Designation of Record on Appeal no later than June 3, 2025, and shall file a revised moving brief[5] no later than June 17, 2025. If Appellant files a Designation of Record on Appeal and a moving brief by the stated deadlines, Appellee must file an opposition brief no later than July 1, 2025. Based on the delays in prosecuting this appeal, the Court also finds good cause to stay and administratively terminate this matter until the appeal has been fully briefed. Once the appeal has been fully briefed, the Court will reopen the matter and consider the appeal in due course. If Appellant does not abide by these deadlines, this matter will be subject to dismissal for failure to timely prosecute the appeal. Accordingly,

IT IS, on this 21st day of May 2025, **ORDERED** as follows:

1. Appellant's Motion for an Extension of Time (ECF No. 18) is **GRANTED**.

2. Appellant shall file the Designation of Record on Appeal no later than **June 3, 2025**.

3. Appellant shall file a revised moving brief no later than **June 17, 2025**. If Appellant files a revised moving brief, the Court shall disregard Appellant's original brief. (ECF No. 17.)

4. Appellee shall file an opposition brief no later than **July 1, 2025**.

5. The Clerk shall administratively terminate this matter until the appeal has been fully briefed.

---

[5] The Court acknowledges that Appellant did file a moving brief on May 13, 2025. (ECF No. 17)

6.      If Appellant does not abide by the deadlines set forth in this Order, Appellant is hereby on notice that this matter will be subject to dismissal for failure to timely prosecute the appeal.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**