UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR GOLDBEG,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>KAREN E. BEZNER, ESQ.,<br><br>　　　　　Appellee. | Civil Action No. 24-10001 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon pro se Appellant Victor Goldberg's ("Appellant") appeal from the United States Bankruptcy Court for the District of New Jersey's (the "Bankruptcy Court") order overruling Appellant's objection to Trustee's abandonment of real property. (ECF No. 1-1.) Appellant also filed a renewed emergency motion for a stay pending appeal, which seeks a stay of the order vacating settlement that the Bankruptcy Court entered. (ECF No. 36.)

Federal Rule of Bankruptcy Procedure[1] requires an appellant to order "a transcript of such parts of the [bankruptcy] proceedings not already on file as the appellant considers necessary for the appeal . . . ." Fed. R. Bkr. P. 8009(b)(1). The Rule further provides that "[i]f the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and a copy of all relevant exhibits." Fed. R. Bkr. P. 8009(b)(5).

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Bankruptcy Procedure.

In his Notice of Appeal, Appellant provides the order overruling Appellant's objection to Trustee's abandonment of real property, which is the basis for his appeal.[2] (ECF No. 1-2.) The Bankruptcy Court decision that Appellant challenges, however, is a two-page document that does not disclose the factual or legal basis for the Bankruptcy Court's outcome.[3] Instead, the facts and law supporting the Bankruptcy Court's challenged decision were set forth on the record.[4] (ECF No. 1-2.) In his certification, Appellant addresses the absent transcript, writing "[t]his appeal concerns only documentary evidence and written submissions. No issues on appeal require review of oral testimony or argument, and therefore, no transcript is necessary for the district court's review."[5] (ECF No. 21-1.) The Court disagrees.

Based on the record that Appellant has created on appeal, the Court has insufficient information to decide the questions that Appellant raises. When sitting as an appellate court reviewing a decision of the bankruptcy court, the district court "review[s] the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for

---

[2] Appellant does not provide the Bankruptcy Court's order vacating the order approving settlement dated May 10, 2024 as to Maplewood property and rescinding Trustee's deed. Nor does Appellant provide the Bankruptcy Court's order denying his motion to stay pending appeal.

[3] The Bankruptcy Court's orders vacating the order approving settlement and denying the motion to stay are likewise two-page orders that do not disclose the factual or legal basis for the Bankruptcy Court's outcome. (*See* Bankr. No. 23-12056, ECF Nos. 90, 156.)

[4] This rings true for the Bankruptcy Court's decisions: (1) vacating the order approving settlement dated May 10, 2024 as to Maplewood property; and (2) rescinding trustee's deed and denying his motion to stay pending appeal. (*See* Bankr. No. 23-12056, ECF Nos. 90, 156.)

[5] Relatedly, on August 8, 2025, Appellant, in support of his renewed emergent motion to stay pending appeal and without elaboration, stated that "[n]o written opinion or official transcript of the [May 1, 2025 hearing on his stay motion] is currently available to [him]." (Appellant's Renewed Emergency Mot. 2, ECF No. 36.) The Court reiterates that it is unable to resolve Appellant's motion without such transcripts, as noted in the Court's June 13, 2025 Memorandum Order. (ECF No. 27.)

abuse thereof." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)). Without transcripts, this Court cannot conduct a meaningful review of the Bankruptcy Court's factual findings or legal conclusions under any standard of review.

To the extent that cost is an issue, the Court may order transcripts produced for an appellant proceeding *in forma pauperis* ("IFP") if the Court "certifies that the suit or appeal is not frivolous." 28 U.S.C. § 753(f). Pursuant to 28 U.S.C. § 753, prior to the government undertaking the cost of ordering necessary transcripts for an IFP appellant, the trial judge or circuit judge must certify that an appellant's appeal is not frivolous and presents a substantial question. *See* 28 U.S.C. § 753. In practice, this certification under Section 753 is made by the trial judge in the matter. *See In re Price*, 410 B.R. 51, 59 (Bankr. E.D. Cal. 2009) ("When a bankruptcy judge is the trial judge, the determination is to be made by the bankruptcy judge."). As such, to the extent that Appellant seeks a waiver of the fees associated with the transcripts, the Court directs Appellant to the Honorable Mark E. Hall, the Bankruptcy Judge in the instant matter, who can determine whether Appellant's appeal can be certified under Section 753. Accordingly,

**IT IS**, on this 3rd day of September 2025, **ORDERED** as follows:

1. The Clerk of the Court is directed to reopen this matter;

2. Appellant's Renewed Emergency Motion for a Stay Pending Appeal (ECF No. 36) is **DENIED WITHOUT PREJUDICE**;

3. Appellant, by **September 17, 2024**, must notify the Court in writing whether he intends to pay or seek a waiver of fees through certification for the relevant

transcripts[6] of the proceedings before the Bankruptcy Court in which the Bankruptcy Court made factual findings and legal conclusions;

4. If Appellant elects to pay for the relevant transcripts, he must order the transcripts by **September 17, 2025**;

5. If Appellant fails to order the relevant transcripts or seek certification, Appellant must show cause in writing by **September 30, 2025**, why this appeal should not be dismissed for failure to order and provide the transcripts of the Bankruptcy Court proceedings in accordance with Rule 8009; and

6. The Clerk of the Court is directed to mail a copy of this Memorandum Order to Appellant's address on record.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[6] In order to adjudicate Appellant's appeal and his renewed emergency motion for a stay, the Court requires transcripts associated with the orders: (1) overruling Appellant's objection to Trustee's abandonment of real property; (2) vacating the order approving settlement dated May 10, 2024 as to Maplewood property and rescinding trustee's deed; and (3) denying his motion to stay pending appeal.

4