UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR GOLDBERG,<br><br>    Appellant,<br><br>    v.<br><br>KAREN E. BEZNER,<br><br>    Appellee. | Civil Action No. 24-10001 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon *pro se* Appellant Victor Goldberg's ("Appellant" or "Goldberg") Appeal from the United States Bankruptcy Court for the District of New Jersey's (the "Bankruptcy Court") order overruling Appellant's objection to Trustee's abandonment of real property. (ECF No. 1-1.)

Appellant filed his Notice of Appeal on October 23, 2024, providing this Court with a copy of the Bankruptcy Court's order—the basis for Appellant's appeal—but omitting a copy of the transcript from the underlying proceeding. (*See generally* Not. of Appeal, ECF No. 1; Bkr. Ct. Order, ECF No. 1-2.) The Bankrupty Court's two-page order that Appellant challenges, however, does not disclose the factual or legal basis for the Bankrupty Court's outcome, as the facts and law instead were set forth on the record. (*See* Bkr. Ct. Order 2 ("[F]or the reasons set forth on the record of the hearing conducted on September 26, 2024; . . . [t]he objection to abandonment filed by . . . Goldberg is overruled.").) This Court, therefore, reviewed the appeal and found that "[b]ased on the record that Appellant has created on appeal, the Court has insufficient information to decide the questions that Appellant raises." (Sep. 3, 2025 Mem. Order 2, ECF No. 41.)

On September 3, 2025, this Court ordered Appellant, by September 17, 2025, to either "elect[] to pay for the relevant transcripts, . . . [and] order the transcripts;" or, to the extent that cost was a prohibiting factor, "seek a waiver of fees through certification for the relevant transcripts" pursuant to 28 U.S.C. § 753. (*Id.* at 3-4.) Appellant subsequently filed an Application for Certification Under 28 U.S.C. § 753(f) with the Bankruptcy Court[1] (ECF No. 43), but the Bankruptcy Court denied Appellant's Application (ECF No. 45). On October 8, 2025, upon review of the Bankruptcy Court's denial, this Court ordered Appellant to "order and provide the relevant transcripts within fourteen (14) days of th[e] Order or Appellant's appeal will be dismissed for failure to order and provide the transcripts of the Bankruptcy Court proceedings in accordance with Federal Rule of Bankruptcy[2] 8009."[3] (Oct. 8, 2025 Text Order, ECF No. 46.)

To date, Appellant has not ordered or provided the transcripts, or otherwise sought an extension to comply with this Court's most recent Text Order. This Court, sitting as an appellate court, remains unable to conduct a meaningful review of the Bankcruptcy Court's factual findings or legal conclusions without a copy of the underyling transcripts. *See In re United Healthcare Sys.,*

---

[1] Because the Bankcruptcy Court served as the trial court in the original proceeding, Appellant had to make the application for certification under 28 U.S.C. § 783 to the bankruptcy judge. *See In re Price*, 410 B.R. 51, 59 (Bankr. E.D. Cal. 2009) ("When a bankruptcy judge is the trial judge, the determination is to be made by the bankruptcy judge.").

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Bankruptcy Procedure.

[3] Rule 8009(a)(4) requires the record on appeal to include "any opinion, findings of fact and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings" and transcripts ordered under Rule 8009(b). Fed. R. Bkr. P. 8009(a)(4). Rule 8009(b)(1) requires an appellant to order "a transcript of such parts of the [bankruptcy] proceedings not already on file as the appellant considers necessary for the appeal." Fed. R. Bkr. P. 8009(b)(1). The Rule further provides that "[i]f the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and a copy of all relevant exhibits." Fed. R. Bkr. P. 8009(b)(5).

*Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (The district court must "review the [B]ankruptcy [C]ourt's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998))).

"A court sitting on appeal has discretion to dismiss an appeal for an appellant's failure to comply with Rule 8009(a)." *In re Parmer*, No. 23-1670, 2025 WL 43353, at *3 (D.N.J. Jan. 7, 2025) (citations omitted); *see also In re Zullo*, No. 19-8384, 2020 WL 5425787, at *1 (D.N.J. Sep. 10, 2020) ("Where an appellant neglects to order transcripts and only includes an order that 'does not disclose the factual or legal basis of the [b]ankruptcy [j]udge's decision,' dismissal is warranted for failure to provide the Court with an appropriate record to conduct an 'informed, substantive appellate review.'" (alterations in original) (quoting *In re Corio*, No. 07-5864, 2008 WL 4372781, at *6-7 (D.N.J. Sep. 22, 2008))). A dismissal for "failure to provide transcripts" alone is disfavored in the Third Circuit, however, as courts "should consider a host of factors, including whether the defaulting party's action is willful or merely inadvertent, whether a lesser sanction can bring about compliance and the degree of prejudice the opposing party has suffered because of the default" before dismissing the case.[4] *In re Heine*, No. 21-1531, 2022 WL 883938, at *2 (3d Cir. Mar. 24, 2022) (quotation marks omitted) (quoting *Roberts v. Ferman*, 826 F.3d 117, 122 (3d Cir. 2016)).

Here, Appellant has had multiple opportunities, spanning over the course of a year, to provide the Court with the transcripts underlying the proceedings, despite Rule 8009 providing an appellant only fourteen days to initially provide the record needed for appeal. *See* Fed. R. Bkr. P.

---

[4] In deciding whether to dismiss an appeal, courts in the Third Circuit also consider the *Poulis* factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal . . . ; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted); *see also In re Parmer*, 2025 WL 43353, at *3-4 (applying *Poulis* factors).

3

8009(a); *In re Zullo*, 2020 WL 5425787, at *2 (granting appellee's motion to dismiss because appellant failed to include the relevant transcripts in the record on appeal); *but see In re Heine*, 2022 WL 883938, at *2 (affirming denial of motion for reconsideration after appellant failed to timely provide a copy of the underlying transcripts, but noting district court erred by not considering the noncompliant party's attempt to remedy the error by providing an untimely copy of the underlying transcript). Because "Appellant has long been alerted of the need to come into compliance with Rule 8009 and still failed to do so . . . there appears to be nothing, including a lesser sanction, that the Court can do to put Appellant in compliance." *In re Parmer*, 2025 WL 43353, at *4. Appellee has also expended resources to litigate this appeal over the last year, and has therefore been prejudiced by Appellant's continued failure to comply with the Rules and Court Orders.[5] *See In re Heine*, 2022 WL 883938, at *2-3; *In re Parmer*, 2025 WL 43353, at *4; *Poulis*, 747 F.2d at 868. Dismissal is, therefore, warranted here. In the exercise of caution, however, the Court will provide Appellant sixty (60) days to move to reopen this matter and provide the Court with the transcript for the underlying proceeding.

Accordingly,

**IT IS**, on this  17th  day of November 2025, **ORDERED** as follows:

1. Appellant's Appeal is **DISMISSED**.

2. The Clerk of the Court is directed to mail a copy of this Memorandum Order to Appellant's address on record.

---

[5] Additionally, Appellant is personally responsible, as he is appearing *pro se*, *see Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (factor 1); Appellee is prejudiced by the delayed resolution of this appeal (factor 2); Appellant has received multiple clear orders on what he needs to do to comply with the Rules and Court Orders (*see, e.g.*, Sep. 3, 2025 Mem. Order 3-4; Oct. 8, 2025 Text Order), and still fails to comply (factors 3 and 4); there appears to be no lesser sanction that will encourage Appellant to comply (factor 5); and the Court has no reason to believe, without being able to review the underlying factual record, that this appeal is nonfrivoulous, *see In re Parmer*, 2025 WL 43353, at *4. *See Poulis*, 747 F.2d at 868 (articulating factors to consider).

3. The Clerk of Court shall close this matter.

4. Appellant shall have **sixty (60) days** from the date of this Order to request the Court reopen this Appeal and to provide the required transcript of the underlying proceeding. If Appellant does not do so within **sixty (60) days**, Appellant's Appeal shall be **DISMISSED WITH PREJUDICE**.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE